INGRAM P. BARLOW, JR., et al., v. Mrs. LUCIE HOAGE BARLOW

23 So. (2nd) 723                                  June Term, 1945
October 19, 1945                                      Division A
Rehearing denied December 4, 1945

*Mabry, Reaves, Carlton, Anderson & Fields* and *W. W. Whitehurst,* for appellants.

*Shackleford, Farrior & Shannon, T. M. Shackleford, Jr.,* and *R. W. Shackleford,* for appellee.

TERRELL, J.:

Ingram P. Barlow was married to appellee, Lucie Hoage Barlow, in October 1935, and died in January 1944. Lucie Hoage Barlow had left the home at the time of Barlow's death but returned soon thereafter. This suit was brought by appellants, children of a former wife of Ingram P. Barlow. The bill of complaint prays that Lucie Hoage Barlow be enjoined from asserting any claim to the homestead of Ingram P. Barlow or from having any temporary or permanent allowance from his estate. Answer was filed denying the material allegations of the bill of complaint. On final hearing the Chancellor found the equities to be with the defendant and that she was seized and possessed of the homestead of Ingram P. Barlow. He accordingly dismissed the bill of complaint and this appeal was prosecuted.

Stripped of excess verbal apparel the ultimate question for determination is whether or not in law, Lucie Hoage Barlow may be said to have abandoned her husband and the home when she left them prior to her husband's death.

In the course of the trial of this issue W. W. Whitehurst, an attorney of Wauchula, Florida, testified in reference to a conversation he had with Mrs. Barlow before she left the home. His testimony was not objected to at the time but was later stricken on the ground that it was privileged. For all the record discloses the statements about which Mr. White-hurst testified were made to him voluntarily by Mrs. Barlow about a matter that had no relation to the present litigation. Under the facts presented they were material to but not decisive of the main question, were not privileged and should not have been stricken.

Under the law of this State, the homestead is not something to toy with and use as a "city of refuge" from the law's exactions. It was provided for the benefit of the family as a

place of actual residence, as a haven where integrity, patriotism and respect for civic and moral virtues is generated. It is the legal atom that neither scientist nor legalist have discovered the means to crack. It can be waived by abandonment or by alienation in the manner provided by law. Nelson v. Hainlin, 89 Fla. 356, 104 So. 589. We think it is abandoned when the owner removes from the home with no intention of returning, takes up his permanent abode at another place and pursues his livelihood there. Whether or not this has been done will depend on the owner's intent as revealed by the facts and circumstances of the particular case.

The record is not clear as to how long Mrs. Barlow had been away from the home at the time of Mr. Barlow's death. It could not have been exceeding two weeks but she was on notice that his death was imminent. She says she left home on account of cruel treatment but we find a dearth of evidence to support this allegation. The bill charges that Barlow had affected a settlement with her for $1,500.00 but we find no evidence to show that such a settlement was perfected. The preponderance of the evidence shows that she left the home voluntarily some time prior to Barlow's death, that she stated to friends that she was leaving for keeps, that she had secured employment in Jacksonville where she expected to reside, that she removed her affects from the home, that she had engaged counsel to procure a divorce from Barlow and it is shown that the counsel employed had submitted a basis of settlement of their property rights.

The mere fact of being the wife of Barlow does not entitle her to homestead rights in his estate, neither do we find anything in the facts detailed that would in equity entitle her to the homestead. On the other hand we think that when the wife announces that she has moved out of the home for keeps and carries her belongings with her, secures employment in a city over three hundred miles distant, announces to the world that she is through and secures an attorney to procure a divorce, this constitutes an abandonment of the homestead. Her conduct was in every sense consistent with abandonment and inconsistent with any purpose of return. Under such a

state of facts she will not be permitted to return and lay claim to the homestead after Barlow is dead. A claim for the divorce and a homestead cannot be asserted in the same breath.

Since we hold that there is no basis for the homestead claim and Barlow's reputed settlement is unsupported, it follows that the judgment appealed from must be and is hereby reversed.

Reversed.

CHAPMAN, C. J., BUFORD and ADAMS, JJ., concur.