HAMPTON v. NEELY, et al.

Circuit Court, Dade County.
December 8, 1949.

———⊛———

Fred C. Davant of Davant & Letts, Miami, for plaintiff.

John C. Wynn, Miami, for defendant W. D. Neely.

CHARLES A. CARROLL, Circuit Judge.

This case presents the question whether a homestead exemption is available to the defendant Neely as against a creditor who has garnished certain money owing to him. I have heard the evidence and extensive arguments, and have considered the briefs filed by counsel.

There is no doubt but that a homestead previously existed when the husband and wife resided together in the home owned by the husband. The wife, however, has departed from the home and set up a separate residence for herself—and has filed a suit for divorce against her husband, which is pending in this court. She is separately employed and is supporting herself. The husband has not supported her since the separation. There are no dependents living with him in the premises.

While this case involves the exemption status of certain money owed the defendant which has been garnished, its determination goes back to the question whether he is the head of a family so as to be entitled to homestead exemption of his home property—which would carry along the exemption as to the money.

For a claimant to be considered the head of a family it is the general rule that there must be living with him one or more persons for whose support he is responsible—as an immediate family member or other actual dependent. An exception was stated in Osceola Fertilizer Co. v. Sauls (Fla.), 123 So. 780. In that case a man was held to be the head of a family, in this connection, where he lived alone. His family had consisted of a wife and three children. Two of the children married and lived elsewhere. The wife obtained a divorce and was

awarded custody of the remaining minor child. The court held that Sauls should be classed as the head of a family, with the benefit of homestead exemption as such, because of his obligation to support the minor child—even though the child was living apart from him because the decree awarded custody to his divorced wife. It was observed that denial of the homestead exemption would operate to deprive him of the means of complying with his obligation to provide the child's support.

For the defendant Neely in this suit it is argued that the Osceola Fertilizer Co. case is determinative of the point. I cannot agree. In the instant case there is no minor child involved and the only basis for contending that Neely is the head of a family and entitled to homestead exemption is the circumstance that he has a wife who is living apart from him under the circumstances hereinabove described.

A later case is almost exactly in point here—Barlow v. Barlow (Fla.), 23 So. 2d 723. In that case a wife left her husband about two weeks before his death, indicating she was leaving him for good because of his misconduct and for which she employed an attorney to procure a divorce for her. She set up a separate residence and became employed to support herself. After his death, and against his children by a prior marriage, she sought to claim under the homestead theory, and the court held that on the action she had taken the homestead had terminated.

In the instant case the wife has moved away taking her belongings, set up a separate residence, shown definite intention not to return by charging defendant with misconduct as a reason for the separation—and filed suit for divorce against him. While it is true that in her bill for divorce she asks for alimony, it was brought out before me that she is employed and is supporting herself, and that the husband has not supported her since the separation. The garnishment occurred while that situation existed. The question is controlled by the status of the parties at that time, which is the same at this time. It may be that later the parties will settle their differences and resume living together so as to re-establish a homestead. Under the rule stated by the Supreme Court in Barlow v. Barlow, supra, I must however, conclude that the defendant Neely is not the head of a family and therefore not entitled to homestead exemption.