525 So.2d 516 (1988)
In re ESTATE OF John A. SCHOLTZ, Deceased.
No. 4-86-2230.
District Court of Appeal of Florida, Fourth District.
June 1, 1988.
Richard A. Bolton and Emanuel Sponder, North Miami, for appellant-Gerald Niesen, personal representative.
Gerald K. Burton of Thompson and Burton, P.A., Hollywood, for appellee-Alice Scholtz.
PER CURIAM.
This is an appeal by a personal representative from a determination that decedent's residence was homestead property. We affirm. See In Re Estate of Boyd, 519 So.2d 692 (Fla. 4th DCA 1988). We certify to the *517 supreme court the same question certified in Boyd:
IS THE CONCEPT OF ABANDONMENT AS SET OUT IN BARLOW V. BARLOW STILL VIABLE IN VIEW OF THE 1985 AMENDMENT OF THE HOMESTEAD PROVISIONS OF THE FLORIDA CONSTITUTION?
ANSTEAD and DELL, JJ., concur.
STONE, J., concurs in part and dissents in part with opinion.
STONE, Judge, concurring in part and dissenting in part.
John and Alice Scholtz were separated for twenty-nine years prior to John's death, but were never divorced. John Scholtz lived alone in a home purchased after the couple's separation. It was titled in his name only. Although the Scholtzes filed joint income tax returns, there was no familial support between them. During the time of their separation, they had no domestic relationship, and there was no evidence of any reconciliation.
Article X, section 4, of the Florida Constitution, as amended in 1985, provides:
SECTION 4. Homestead; exemptions. 
(a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person:

(1) a homestead, if located outside a municipality, to the extent of one hundred sixty acres of contiguous land and improvements thereon... .
... .
(b) These exemptions shall inure to the surviving spouse or heirs of the owner.
(c) The homestead shall not be subject to devise if the owner is survived by spouse or minor child, except the homestead may be devised to the owner's spouse if there be no minor child. The owner of homestead real estate, joined by the spouse if married, may alienate the homestead by mortgage, sale or gift and, if married, may by deed transfer the title to an estate by the entirety with the spouse. [emphasis added.]
The amendment substituted ownership by a "natural person" for ownership by the "head of a family" in determining homestead status.
The Florida Supreme Court has long recognized that a homestead may be abandoned by a spouse during the decedent's lifetime, and that survivorship rights are waived by leaving or abandoning the family unit by conduct inconsistent with any purpose of returning. See Barlow v. Barlow, 156 Fla. 458, 23 So.2d 723 (1945). Cf. Hussa v. Hussa, 65 So.2d 759 (Fla. 1953). In In re Estate of Boyd, 519 So.2d 692 (Fla. 4th DCA), rev. dismissed, 525 So.2d 876 (Fla. 1988), this court held that the abandonment concept, as applied in Barlow, did not survive the 1985 amendment, and that the effect of the amendment was to protect the homestead rights of a surviving "spouse," regardless of the fact that she, or he, might previously have been barred from enforcing a survivorship claim to homestead. The dissenting opinion in Boyd argued that the amendment need not be interpreted so strictly as to disregard the principle recognized in Barlow. In re Estate of Boyd, 519 So.2d 692, 694 (Walden, J., dissenting). I concur with the dissent by Judge Walden in Boyd and would recede from Boyd.
The purpose of the constitutional amendment was to extend homestead protection to all persons owning the property on which they reside regardless of their status as head of a household. However, the rationale for the prohibition against the devise of homestead property by a testator has been, and continues to be, the protection of the surviving family. See generally Hussa v. Hussa; In re Estate of Taylor, 516 So.2d 322 (Fla. 2d DCA 1987); In re Estate of Cleeves, 509 So.2d 1256 (Fla. 2d DCA), rev. denied, 518 So.2d 1273 (Fla. 1987); Deem's Estate v. Shinn, 297 So.2d 611 (Fla. 4th DCA 1974); In re Estate of Van Meter, 214 So.2d 639 (Fla. 2d DCA 1968), aff'd, 231 So.2d 524 (Fla. 1970). The reason for the constitutional restriction on *518 the right to dispose of a homestead by will is lost where the surviving spouse has severed all family ties. See Hussa v. Hussa, 65 So.2d 759 (Fla. 1953) (where husband and wife maintained separate existences and wife never lived in Florida home purchased by husband, property never acquired status of homestead property, and if it did, there was clear abandonment of it).
Although the reasoning in Hussa and other preamendment opinions may relate the factor of abandonment to loss of homestead status because the abandoned decedent had thereby ceased to be the head of the household, it does not follow that a testator is no longer allowed to devise homestead property under the new amendment where a survivor waives and abandons his or her homestead rights. Rather, the bar of the surviving spouse's claim is based on considerations of justice, policy, and interpretation, independent of any particular definition of homestead. See also Annotation, Abandonment, Desertion or Refusal to Support on Part of Surviving Spouse as Affecting Marital Rights in Deceased Spouse's Estate, 13 A.L.R.3d 446, 473-476 (1967) (§ IV).
I therefore dissent, but concur in the certified question.