**In re Brigid Ann FYOCK, Debtor.**

No. 9:08–bk–00232–ALP.

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

May 6, 2008.

Brian D. Zinn, Goldstein Buckley Cechman Rice & Purtz, Fort Myers, FL, for Debtors.

## *ORDER OVERRULING TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION*

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTER under consideration in this Chapter 7 case of Brigid Ann Fyock (Debtor) is a challenge by the Chapter 7 Trustee, Diane L. Jensen (Trustee) of the Debtor's claim of exemption based on Florida Statute 222.25(4). The modification and codification of Section 222.25 of the Florida Statutes increased, inter alia, the amount of personal property which could be exempted from creditors' claims by a debtor, when the "debtor does not claim or receive the benefits of a homestead exemption" pursuant to Article X, Section 4 of the Florida Constitution. Prior to the amendment, the right to claim exemptions to personal property in bankruptcy was limited to $1,000.00. The amendment, which became effective July 1, 2007, increased that amount by providing that the personal property exemption to Florida residents who do not claim a homestead exemption is $4,000.00.

The underlying facts relevant to the resolution of the Trustee's Objection are without dispute and can be summarized as follows:

On January 9, 2008, the Debtor filed her Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code. The Debtor on her Schedule A—Real Property, scheduled her homestead real estate located at 1413 NE 3rd Ter, Cape Coral, Florida, as her residence in which she and her non-filing spouse own as tenancy by the entireties (TBE). On Schedule B—Personal Property, the Debtor scheduled a 2003 Chevy Malibu (2003 Malibu), VIN: 1G1ND52J03M527054, as a debt that is held jointly with her non-filing spouse. On Schedule C—Property Claimed as Exempt, the Debtor scheduled her TBE property pursuant to 11 U.S.C. § 522(b)(3)(B) and the 2003 Malibu under 11 U.S.C. § 522(b)(3)(B). The Debtor in her Schedule D—Creditors Holding Secured Claims, scheduled a debt owed to Citimortgage, Inc., in the amount of $105,000.00 which is one hundred percent secured by the TBE homestead property. In addition to Citimortgage, Inc., the Debtor scheduled TIB Bank of the Keys (TIB) as the holder of the Purchase Money Security interest on the 2003 Malibu in the amount of $10,691.00. The Debtor also indicates in her Schedule D that TIB's claim with respect to the debt owed on the 2003 Malibu has an unsecured portion in the amount of $3,566.00.

The record reveals that TIB filed its Proof of Claim on March 18, 2008. TIB claims that it holds a secured claim in the amount $9,906.16. Although, it should be noted that TIB's Proof of Claim also indicates that the value of the 2003 Malibu at

the time they filed their claim was $6,875.00. However, TIB's claim was not filed as a bifurcated claim stating that their claim was partially secured and partially unsecured. The record further reveals that TIB has not sought to assert a deficiency unsecured claim. It is the Debtor's contention that she and her non-filing spouse (the Fyocks) have attempted to reaffirm their debt with TIB. However, TIB has not responded to the Fyocks' request since the Debtor's nonfiling spouse is making the scheduled monthly payments and the Fyocks are not in default on their 2003 Malibu car note due to TIB. Therefore, since the debt to TIB is current and the Fyocks intend to pay the entire debt in full, the claim filed by TIB will not be considered relevant to the administration of the Debtor's Chapter 7 estate.

The Trustee in her Objection urges this Court that there are only two issues which are relevant to the current matter before this Court. The first issue is whether or not on the date the Debtor commenced her Voluntary Chapter 7 case if there was at least one creditor who had a valid allowable unsecured claim against the Debtor and her non-filing spouse. In support of her position that the answer shall be in the affirmative, the Trustee relies on the Debtor's Schedules specifically, Schedule B. The Debtor in Schedule B identifies the ownership of the 2003 Malibu as a joint obligation owed to TIB on the vehicle in question. There is no question that the promissory note was executed by the Debtor and her non-filing spouse. However, the obligation is evidenced as a secured obligation of the Debtor and the same is secured by a lien on the vehicle. Moreover, TIB filed a fully secured claim coupled with the fact that the Proof of Claim filed by TIB stated the value of the collateral did not seek recognition of an unsecured deficiency claim that TIB intends to assert against the Debtor's estate.

In addition to the above, the Debtor and her non-filing spouse have attempted to enter into a reaffirmation agreement with TIB with respect to the obligation owed on the 2003 Malibu. However, it should be noted that TIB has not acknowledged the requests of the Debtor and her non-filing spouse to reaffirm the debt owed to the same. As noted above, the Debtor's non-filing spouse has been making the monthly payments on the 2003 Malibu to TIB and intends to pay the debt in full. Therefore, based on the Debtor's and her non-filing spouse's intent to pay the debt in full, the entire claim of TIB would not be discharged and will remain an enforceable obligation of the Debtor. Lastly, even to accept the proposition urged by the Trustee, who intends to administer the vehicle for the benefit of the unsecured creditors, it is not without dispute that the equity in the vehicle will gross zero for the Debtor's estate and, therefore, under no condition will the Trustee be permitted to sell a fully encumbered asset.

Based on the foregoing, this Court is satisfied that the Debtor's only joint creditor is TIB. Furthermore, it is the conclusion of this Court that TIB is a fully secured creditor and, therefore, the Debtor does not have a creditor who is holding and/or asserting an unsecured claim against the Debtor's estate.

This leads to the heart of this controversy, that is, the Debtor's right to claim the benefits of Florida Statue § 222.25(4)(2007).

Florida Statute § 222.25 in subclause (4) provides:

> **222.25   Other individual property of natural persons exempt from legal process.**—The following property is exempt from attachment, garnishment, or other legal process:

(4) A debtor's interest in personal property, *not to exceed $4,000,* if the debtor does not claim or receive the benefits of a homestead exemption under s. 4, Art. X of the State Constitution. This exemption does not apply to a debt owed for child support or spousal support. (emphasis added).

■ "[W]hen interpreting Florida exemption statutes, the court should 'begin with the basic proposition that exemptions are to be construed liberally in favor of providing the benefits of the exemptions to debtors,' because such liberal interpretation would 'best accord with the public benefit.' " *In re Hafner,* 383 B.R. 350, 2008 WL 618953 (Bankr.N.D.Fla., 2008).

■ The Debtor in the current case before this Court has exempted her residence on Schedule C of her Petition by electing Section 522(b)(3)(B) of the Bankruptcy Code, thereby asserting that her property is exempt since it is held as tenants by the entireties with her non-filing spouse. Since the Debtor is not claiming or otherwise receiving the benefits of the Florida Constitutional homestead exemption under Section 4, Article X of the Florida Constitution, the Debtor as a result is entitled to a $4,000 personal property exemption as contained in FLA. STAT. § 222.25 (2007).

FLA. STAT. § 222.25(4) provides that the a debtor is entitled to the $4,000 personal property exemption "if the Debtor does not claim or receive the benefits of a homestead exemption under Section 4, Article X of the Florida Constitution." The plain language of FLA. STAT. § 222.25(4) allows a debtor a $4,000.00 personal property exemption under Florida law, so long as the debtor is not taking advantage of the homestead exemption pursuant to Section 4, Article X of the Florida Constitution. Since the Debtor is not relying upon the Florida Constitutional homestead ex-

emption to retain her home, but is rather using the common law tenancy by the entireties principle, she is entitled to use the $4,000 personal property exemption.

The Trustee relies in the recent case of *In re Franzese,* 383 B.R. 197 (Bankr. M.D.Fla.2008), where the court focused on the two phrases of § 222.25(4) of "claim" and "receive the benefits of," and interpreted these phrases in a bankruptcy context. The court in *Franzese* stated that the phrase "claim ... a homestead exemption" refers to claiming it as exempt on Schedule C of the petition, while the phrase "receive the benefits of a homestead exemption" must refer to something else. *Id.* The court held that the latter phrase must mean simply that the debtor had the right to claim the Florida Constitutional homestead exemption at the time of the bankruptcy filing.

■ However, the State law exemption scheme of Chapter 222 as a whole, and allows a judgment debtor to receive the benefits of the State Constitution's homestead exemption in one of two ways. First, under FLA. STAT. § 222.01 (2007), a judgment debtor may file a Notice of Homestead in the county records prior to any levy upon the debtor's residence. The notice specifically states that "the undersigned claims as homestead exempt from levy and execution under Section 4, Article X of the State Constitution," the debtor's home. It is this claiming of homestead to which the phrase "claim ... a homestead exemption" refers in FLA. STAT. § 222.25(4)(2007).

■ Second, FLA. STAT. § 222.02(2007) provides that rather than before a levy is made, a judgment debtor may still receive the benefits of the Florida Constitution's homestead exemption after a levy upon the debtor's home, by simply notifying the Sheriff making the levy that the property

levied upon is the debtor's homestead. Fla. Stat. § 222.25(4) is referring to when it includes the phrase, "receive the benefits of a homestead exemption," since the debtor is not actually claiming a homestead exemption as in Fla. Stat. § 222.01, but is still receiving the benefits of it since notifying the Sheriff prevents the home from being sold.

As noted above, the Debtor is not claiming the homestead exemption under Section 4, Article X of the Florida Constitution, and has not received the benefits of that provision since she has not notified any court that the property should not be subject to sale because it is her homestead. Furthermore, the Debtor has not "receive[d] the benefits of a homestead exemption" and there is nothing in the record which sets out facts that the same has occurred under Fla. Stat § 222.02 to which that phrase refers.

■ The court in the case of *Thomas v. Smith*, 882 So.2d 1037 (Fla. 2nd DCA 2004), held that the Florida Constitutional homestead exemption "makes certain types of property exempt from forced sale at the hands of creditors, but the debtor may be obliged to prepare and submit appropriate documents in order to take full advantage of the exemption right afforded by the constitution." *Id.* at 1046. Although not discussing the same statute in this case, the *Thomas* court points out that "[t]here are few governmental privileges or benefits, constitutional or otherwise, to which one has an absolute right. One must generally apply and complete an appropriate application or similar document." *Id.* The Trustee relying on the case of *Franzese*, urges this Court that owning a home somehow gives a debtor an unqualified right to the homestead exemption, without the need for taking any affirmative action. It is the conclusion of this Court that no debtor is automatically "receiving

the benefits of" the Florida Constitutional homestead exemption simply by owning a home. A debtor must take affirmative steps to take advantage of the Florida Constitutional homestead exemption, and the failure to do so subjects the home to sale. *See Grant v. Credithrift of America, Inc.*, 402 So.2d 486, 488 (Fla. 1st DCA 1981).

In the case of *In re Hinton*, 378 B.R. 371(Bankr.M.D.Fla.2007.) the court held, "the exemptions provided in Section 522(b)(3)(A) [Florida State law, such as the Florida Constitutional homestead exemption] are separate and distinct from those provided in Section 522(b)(3)(B) [the tenancy by the entireties exemption]." *Id.* at 381. The court pointed out that a debtor may use the tenancy by the entireties exemption on the debtor's home, without using the Florida Constitutional homestead exemption.

Based on the foregoing, this Court is satisfied that the Debtor has not availed herself the Florida Constitutional homestead exemption, and has instead claimed an exemption pursuant to § 522(b)(3)(B) of the Bankruptcy Code. Therefore, the Debtor is not "receiving the benefits of a homestead exemption under [the Florida Constitution]," and thus, the Debtor should be entitled to the $4,000 personal property exemption of Fla. Stat. § 222.25(4)(2007).

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Trustee's Objection to Claim of Exemption (Doc. No. 10) be, and the same is hereby overruled.