# Third District Court of Appeal

**State of Florida**

Opinion filed July 09, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-223
Lower Tribunal No. 13-152 AP
_____


**Daniel A. Sepulveda,**
Petitioner,

vs.

**Westport Recovery Corporation,**
Respondent.


A Writ of Certiorari to the Circuit Court for Miami-Dade County, Appellate Division, Maria M. Korvick, Teresa Pooler, and Robert J. Luck, Judges.

Kawel PLLC, and Andrew Paul Kawel, for petitioner.

Friedman & Greenberg, P.A., and Robert D. Friedman (Plantation), for respondent.


Before ROTHENBERG, SALTER, and FERNANDEZ, JJ.

ROTHENBERG, J.

Daniel A. Sepulveda's ("Sepulveda") second-tier petition for writ of certiorari comes to us from the Appellate Division of the Miami-Dade Circuit Court's ("the circuit court") denial of Sepulveda's petition for writ of certiorari, which sought relief from a Miami-Dade County Court ("the county court") order denying his motion to dismiss for lack of subject matter jurisdiction and allowing a levy sale of his property to proceed despite Sepulveda's claimed homestead exemption. Although our second-tier certiorari review is extremely limited, because we find that the county court exceeded its jurisdiction by determining that Sepulveda's claim of homestead did not prevent the levy sale, we conclude the circuit court departed from the essential requirements of law when it denied Sepulveda's petition. Accordingly, we grant Sepulveda's petition and quash the order below.

## BACKGROUND

Nearly seventeen years ago, in October 1997, First Union National Bank of Florida ("First Union") obtained a final judgment for approximately $9,000 against Sepulveda's sister, Wilda J. Arana ("Arana"), in Miami-Dade County Court. In July 2001, First Union sold its right to enforce the judgment to Westport Recovery Corporation ("Westport"). Sometime prior to 2005, Sepulveda acquired the property in question, which is located in Polk County, Florida ("the Polk County Property"), and on October 3, 2005, Sepulveda transferred the Polk County

2

Property to Arana. Two weeks after Sepulveda transferred the property to Arana, Westport recorded the 1997 county court judgment against Arana in Polk County. Several months later, Arana transferred the Polk County Property back to Sepulveda.

In February 2012, six and one-half years after recording the Miami-Dade judgment in Polk County, Westport reopened the 1997 county court case, substituted itself as plaintiff, and attempted to levy against Arana's alleged right, title, and interest in the Polk County Property in order to satisfy the 1997 judgment. After learning of the pending levy sale of his property, Sepulveda recorded a Notice of Claim of Homestead Real Property by Owner After Levy ("Notice of Homestead"), see § 222.02, Fla. Stat. (2013),[1] on March 1, 2013, approximately two weeks before the levy sale was to take place.

After filing his Notice of Homestead, Sepulveda moved to dismiss the county court action on the basis that the county court lacked subject matter

---

[1] Section 222.02 allows a property owner to serve a notice of homestead exemption on the levying officer after property has been levied upon so long as the notice is served before the date of the levy sale. Section 222.02 reads, in full:

> Whenever a levy is made upon the lands, tenements, mobile home, or modular home of such person whose homestead has not been set apart and selected, such person, or the person's agent or attorney, may in writing notify the officer making such levy, by notice under oath made before any officer of this state duly authorized to administer oaths, at any time before the day appointed for the sale thereof, of what such person regards as his or her homestead, with a description thereof; and the remainder only shall be subject to sale under such levy.

jurisdiction to determine the validity of his claimed homestead exemption. Sepulveda's position below and on appeal is that the determination regarding his claimed homestead exemption lies exclusively within the circuit court's jurisdiction based on section 222.10, Florida Statutes (2013).[2]   In response, Westport argued that:   (1) section 222.10 was inapplicable because the 1997 judgment against Arana predated Sepulveda's claimed homestead exemption; (2) Sepulveda's Notice of Homestead, even if valid, was wholly irrelevant; and (3) even if section 222.10 applied, the county court had concurrent jurisdiction to determine homestead exemptions so long as the other jurisdictional requirements were met.

Despite Sepulveda's Notice of Homestead, the county court denied Sepulveda's motion to dismiss and granted Westport's motion to allow the pending levy sale, finding that "the lien of the Final Judgment on the subject [Polk County] Property, recorded on October 18, 2005, in the Public Records of Polk County,

---

[2] Section 222.10 grants Florida's circuit courts equity jurisdiction over homestead exemption disputes.  It reads, in full:

> The circuit courts have equity jurisdiction upon bill filed by a creditor or other person interested in enforcing any unsatisfied judgment or decree, **to determine whether any property, real or personal, claimed to be exempt, is so exempt**, and in case it be not exempt, the court shall, by its decree subject it, or so much thereof as may be necessary, to the satisfaction of said judgment or decree and may enjoin the sheriff or other officer from setting apart as exempt property, real or personal, which is not exempt, and may annul all exemptions made and set apart by the sheriff or other officer.

(emphasis added).

4

Florida, has priority over the subsequently acquired title interest and homestead status of Daniel Sepulveda." The county court, therefore, essentially found that it was ruling only on a priority of lien issue rather than making a homestead exemption determination.

Sepulveda filed a petition for writ of certiorari contesting the county court's ruling in the appellate division of the Miami-Dade circuit court, and the circuit court denied the petition, affirming the county court's reasoning and result. This second-tier petition for certiorari followed.

## DISCUSSION

A district court's second-tier certiorari review—certiorari review of a circuit court sitting in its appellate capacity—is extremely limited. "The inquiry is limited to whether the circuit court afforded procedural due process and whether the circuit court applied the correct law." Haines City Cmty. Dev. v. Heggs, 658 So. 2d 523, 530 (Fla. 1995). Thus, we review the circuit court's decision only for legal error, and we treat all facts found by the county and circuit courts as established. See id. ("The standard of review for certiorari in the district court effectively eliminates the substantial competent evidence component.").

The circuit court's denial of Sepulveda's petition for certiorari, however, was based entirely on a question of law. See Nissen v. Cortez Moreno, 10 So. 3d 1110, 1111 (Fla. 3d DCA 2009) ("[T]he issue of whether a court has subject matter

5

jurisdiction involves a question of law that is reviewed de novo.").  In determining whether the circuit court departed from the essential requirements of law by denying the certiorari petition, we must consider Sepulveda's challenge to the county court's jurisdiction.  Accordingly, we consider de novo:  (1) whether the county court's finding that Sepulveda's Notice of Homestead was irrelevant to its determination of exemption under section 222.10 was in fact a determination of Sepulveda's homestead exemption claim; and if so, (2) whether such a determination can be made by a county court, or rather, whether section 222.10 grants exclusive jurisdiction to the circuit courts of Florida to determine whether property shall be exempt from a forced sale once a Notice of Homestead is filed pursuant to section 222.01 or 222.02.

## I.    Whether the county court's ruling was a determination of Sepulveda's homestead exemption claim

Article X, section 4 of the Florida Constitution provides, in pertinent part, as follows:

> **SECTION 4. Homestead; exemptions.—**
>     (a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for [certain exceptions not relevant to this case], the following property owned by a natural person:
>     (1) a homestead . . . .

Section 4 provides one of the broadest protections for a citizen's primary property in the nation.  "[T]he constitutional homestead exemption . . . 'protects the

6

homestead against every type of claim and judgment except those specifically mentioned in the constitutional provision itself.'" Osborne v. Dumoulin, 55 So. 3d 577, 582 (Fla. 2011) (quoting Olesky v. Nicholas, 82 So. 2d 510, 513 (Fla. 1955)).[3] Florida courts grant a liberal construction to the constitutional and statutory provisions in favor of the homeowner, and cast a restrictive eye towards exceptions to the homestead exemption. See Havoco of Am., Ltd. v. Hill, 790 So. 2d 1018, 1021 (Fla. 2001) ("As previously mentioned, this Court's homestead exemption jurisprudence has long been guided by a policy favoring the liberal construction of the exemption: 'Organic and statutory provisions relating to homestead exemptions should be liberally construed in the interest of the family home.'") (quoting Milton v. Milton, 58 So. 718, 719 (Fla. 1912)).

Chapter 222 of the Florida Statutes further clarifies the constitutional homestead protection by explaining the process by which an owner or lessee of real property can declare his or her homestead rights and prevent an execution of judgment (i.e., a levy sale) against the property. "Sections 222.01 and 222.02 provide a means whereby a person may claim property as homestead and notify judgment creditors of the property's exempt status under article X, section 4, either pre- or post-levy." Osborne, 55 So. 3d at 583; [4] see also Grant v. Credithrift of

_____

[3] The homestead exemption also provides certain tax protections, but those provisions are not germane to the issues presented in this case.

[4] Osborne also noted that the homestead exemption protection is so rigorous that even a debtor who fails to observe these statutory declarations and claim the

7

Am., Inc., 402 So. 2d 486, 488 (Fla. 1st DCA 1981) (allowing post-levy designation of homestead under section 222.02).

Once a homeowner has claimed a homestead exemption, the sheriff cannot levy against the property unless the creditor prevails against the homeowner's claimed homestead exemption. Section 222.10 provides that: "The circuit courts have equity jurisdiction . . . to determine whether any property, real or personal, claimed to be exempt, is so exempt." Westport, however, convinced the county court that it did not need to make a homestead exemption determination, thereby avoiding the necessity of applying section 222.10. Westport claimed, and the county and circuit courts found, that because Westport conceded for purposes of its motion that the Polk County Property was Sepulveda's homestead from the date Arana conveyed the property to him, the only issue the county court needed to determine was whether the timing of the recordation of the judgment predated Sepulveda's homestead. Based on Westport's arguments, both lower courts have framed the issue exclusively as a priority of liens contest, with the homestead exemption having only incidental impact, if any. Such an interpretation, however, would read a restriction into the statutory text that is not present.

Section 222.10 is worded quite broadly. It provides, in relevant part, that the circuit courts have jurisdiction "to determine whether any property . . . claimed to

_____

exemption may still be able to set aside a levy sale. Id. (citing Albritton v. Scott, 74 So. 975, 975 (Fla. 1917)).

8

be exempt, is so exempt . . . ." Thus, section 222.10 will apply in every case where a creditor is attempting to levy against property where a claim of homestead has been filed under section 222.01 or section 222.02.[5]

These prerequisites were clearly met on these facts. It is undisputed that Sepulveda filed his Notice of Homestead under section 222.02 after Westport attempted to levy against the Polk County Property to satisfy its judgment against Arana, but prior to the levy sale. The county court determined that Sepulveda's homestead exemption did not prevent Westport from levying against the property, which is a clear determination "whether the property claimed to be exempt, is so exempt." It matters not that the county court's determination was based on the date of conveyance and the date of judgment. Therefore, section 222.10 applies to the matter at hand, and the county court erred when it concluded that it did not. The question we must now decide is whether the county court exceeded its jurisdiction by determining whether the property was exempt from levy under section 222.10.

II.    **Whether Florida circuit courts have exclusive jurisdiction over homestead exemption claims**

The relevant jurisdictional provision, section 222.10, provides, in full:

_____

[5] Section 222.10 may even apply to homeowners who intend to protect their property, but do not properly claim the homestead exemption under sections 222.01 or 222.02. See Osborne, 55 So. 3d at 583 (stating that the failure to strictly comply with 222.01 and 222.02 does not waive a homeowner's homestead rights).

9

> **The circuit courts have equity jurisdiction** upon bill filed by a creditor or other person interested in enforcing any unsatisfied judgment or decree, **to determine whether any property**, real or personal, **claimed to be exempt, is so exempt**, and in case it be not exempt, the court shall, by its decree subject it, or so much thereof as may be necessary, to the satisfaction of said judgment or decree and may enjoin the sheriff or other officer from setting apart as exempt property, real or personal, which is not exempt, and may annul all exemptions made and set apart by the sheriff or other officer.

(emphasis added). Westport contends that the lack of mandatory or exclusive language in section 222.10 evinces a legislative intent to grant concurrent jurisdiction in the county and circuit courts over homestead exemption determinations. Westport contends that when the amount in dispute is $15,000 or less, jurisdiction lies in the county courts; and when the amount in dispute is in excess of $15,000, jurisdiction lies solely with the circuit court. Westport is incorrect. The circuit court has exclusive jurisdiction to determine the validity of a claimed homestead exemption.

The jurisdiction of the courts of our state is broadly defined by our State Constitution. Article V, section 5 of the Florida Constitution establishes and specifies the jurisdiction of the circuit courts of the State. Subsection 5(b) provides that:

> The circuit courts **shall have original jurisdiction not vested in the county courts**, and jurisdiction of appeals when provided by general law. They shall have the power to issue writs of mandamus, quo warranto, certiorari, prohibition and habeas corpus, and all writs necessary or proper to the complete exercise of their jurisdiction. Jurisdiction of the circuit court shall be uniform throughout the state.

10

They shall have the power of direct review of administrative action prescribed by general law.

(emphasis added). Similarly, article V, section 6 of the Florida Constitution both establishes and prescribes the jurisdiction of the county courts of the State. Subsection 6(b) of article V provides: "The county courts shall exercise the jurisdiction **prescribed by general law.** Such jurisdiction shall be uniform throughout the state." (emphasis added). As is plain from the constitutional text, the circuit courts are courts of general jurisdiction—that is to say, we presume the circuit courts have jurisdiction over an action unless such jurisdiction is expressly vested exclusively in another tribunal. Conversely, the county courts are courts of limited jurisdiction, having authority over only those actions specifically designated by the legislature.

"Absent a constitutional prohibition or restriction, the legislature is free to vest courts with exclusive, concurrent, original, appellate, or final jurisdiction." Alexdex Corp. v. Nachon Enters., Inc., 641 So. 2d 858, 861 (Fla. 1994). As to the circuit courts' jurisdiction, section 26.012, Florida Statutes (2013), specifies, in relevant part, that:

> (2) [The circuit courts] **shall have exclusive original jurisdiction**:
> (a) In all actions at law not cognizable by the county courts;
> . . . .
> (c) **In all cases in equity**[6] including all cases relating to juveniles except traffic offenses as provided in chapters 316 and 985;

---

[6] A determination of the validity of a claimed homestead exemption under section

11

. . . .

(g) In all actions involving the title and boundaries of real property.

(emphasis added).

Prior to 1990, county courts had no jurisdiction over cases in equity. However, in 1990, the legislature amended section 34.01 of the Florida statutes by adding subsection (4). Subsection (4) grants, to a limited degree, equitable jurisdiction to county courts. Specifically, subsection 34.01(4) provides: "Judges of county courts **may hear all matters in equity** involved in any case within the jurisdictional amount of the county court [$15,000 or less], **except as otherwise restricted by the State Constitution or the laws of Florida**." (emphasis added).

The tension between the exclusive grant of jurisdiction to the circuit courts over "all cases in equity" in section 26.012(2)(c), and the subsequent 1990 amendment stating that county courts "may hear all matters in equity" so long as the case is below the jurisdictional monetary amount, understandably created confusion regarding the circuit and county courts' jurisdiction over equitable matters. To resolve the confusion and potential conflict between section 26.012(2)(c) and section 34.01(4), the Florida Supreme Court held in <u>Alexdex</u> that "it is clear that in 1990 the legislature amended chapter 34 to grant limited equity jurisdiction to the county courts. Chapter 26, which vests circuit courts with

---

222.10 sounds in equity. § 222.10 (granting circuit courts "equity jurisdiction"); <u>See also</u> <u>Grant</u>, 402 So.2d at 489 n.5 (quoting section 222.10, Fla. Stat. (1979)).

12

exclusive original jurisdiction, remained unchanged." Alexdex, 641 So. 2d at 861

(citation omitted). Alexdex ultimately held that county and circuit courts enjoy

concurrent equitable jurisdiction for controversies regarding $15,000 or less in

dispute, but that the circuit courts retain exclusive equitable jurisdiction for cases

disputing a greater amount. Id. at 862.

Based on the Florida Supreme Court's ruling in Alexdex, Westport claims

that, in all equitable matters, including homestead exemption determinations, the

county and circuit courts enjoy concurrent jurisdiction when the amount in

controversy is less than $15,000, the jurisdictional maximum for county courts.

This argument, however, entirely discounts the reasoning supporting the Alexdex

holding. In reaching its decision in Alexdex, the Court specifically attempted to

give each statute its full effect and concluded that to interpret the two statutes

otherwise would have rendered entire subsections of Florida's jurisdictional

statutes meaningless. The Court stated:

> We now have two statutes that when considered separately are clear,
> precise, and their meanings understandable; yet when taken together
> they are inconsistent. To accept the proposition that the exclusive
> jurisdiction given to circuit courts in section 26.012 constitutes the
> "otherwise restricted by the laws of Florida" contained in section
> 34.01(4) **would render the latter section totally meaningless**.
> Therefore**, in order to give each statute its full effect**, we conclude
> that the legislature intended to provide concurrent equity jurisdiction
> in circuit and county courts, except that equity cases filed in county
> courts must fall within the county court's monetary jurisdiction, as set
> by statute. A contrary holding would ignore the latest legislative
> expression on the subject and run counter to our principle enunciated

in [State v.] Sullivan, **that a statute should not be interpreted in a manner that would deem legislative action useless**. 95 Fla. at 207, 116 So. at 261.

Id. at 861-62 (emphasis added) (footnotes omitted).

It remains a key tenet of statutory interpretation that the courts of this state are to read statutes holistically and give some effect to the terms adopted by the legislature. See Heart of Adoptions, Inc. v. J.A., 963 So. 2d 189, 198 (Fla. 2007) ("[Florida courts] are required to give effect to 'every word, phrase, sentence, and part of the statute, if possible, and words in a statute should not be construed as mere surplusage.'" (quoting Am. Home Assur. Co. v. Plaza Materials Corp., 908 So. 2d 360, 366 (Fla. 2005))).

It is clear that the equity jurisdiction of the county courts must yield to a specific grant of equitable jurisdiction to the circuit courts. § 34.01(4) ("Judges of county courts may hear all matters in equity involved in any case . . . **except as otherwise restricted by the State Constitution or the laws of Florida**." (emphasis added)). And section 222.10 provides that, "The circuit courts have equity jurisdiction . . . to determine whether any property, real or personal, claimed to be exempt [as homestead], is so exempt." Because the circuit and county courts already have concurrent jurisdiction over equitable actions involving $15,000 or less, Alexdex, 641 So. 2d at 862, section 222.10 would be of no consequence if it

is not a grant of exclusive jurisdiction over homestead determinations to the circuit courts.

Therefore, we find that the action below was a determination of homestead exemption under section 222.10, and that such determinations are within the exclusive province of the circuit courts of Florida. Accordingly, the county court exceeded its subject matter jurisdiction by determining that Sepulveda's Claim of Homestead did not exempt the property from levy; and the circuit court departed from the essential requirements of law by denying Sepulveda's petition for writ of certiorari to correct the county court's improper exercise of its jurisdiction.

Petition granted; order quashed.