# Third District Court of Appeal

## State of Florida

Opinion filed February 18, 2026.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D25-0435
Lower Tribunal No. 09-066174-CA-01

————————————

**Yoandra Mendoza,**
Appellant,

vs.

**Kendall Park Plaza, Ltd.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Migna Sanchez-Llorens, Judge.

Taylor Duma LLP, and Christopher D. Cathey, for appellant.

No appearance, for appellee.[1]

Before SCALES, C.J., and EMAS, and MILLER, JJ.

MILLER, J.

---

[1] Appellee failed to file an answer brief.

Appellant, Yoandra Mendoza, appeals from an order denying her motion to intervene in post-judgment execution proceedings involving the sale of certain real property located at 4411 Southwest 162nd Place, Miami, Florida (the "Property"). We have jurisdiction. See Fla. R. App. P. 9.130(a)(3)(C)(ii). On appeal, Mendoza contends the trial court abused its discretion because she demonstrated an interest in the Property sufficient to warrant intervention. We agree and reverse.

I

In 2010, appellee, Kendall Park Plaza, Ltd., procured a final judgment against Yillian Enrique Iglesias and two other debtors for a little over $18,000.00. Kendall Park recorded the judgment in the Official Records of Miami-Dade County in 2010, creating a judgment lien over Iglesias's property.

Although she had been living there for many years, Mendoza acquired sole title to the Property in 2016 and declared it her homestead. The Property was later encumbered by two mortgages held by Caliber Home Loans and BZI Realty Corp., respectively.

In 2022, Caliber assigned its mortgage to NewRez, LLC. Mendoza defaulted under the second mortgage, and BZI instituted foreclosure proceedings in the circuit court. Concerned about the likelihood of

2

foreclosure, Mendoza contacted Iglesias, a licensed realtor, to list the Property for a potential short sale. Iglesias offered to refinance but required Mendoza to temporarily transfer her title to the Property to secure repayment of the loan. Mendoza executed a quitclaim deed on September 15, 2022.

In February of 2023, Mendoza instituted suit against Iglesias seeking to rescind and cancel the contract. She simultaneously filed a notice of lis pendens. In August 2023, the trial court appointed a receiver over the Property. The order of appointment was recorded in the Official Records.

The following month, Kendall Park re-recorded its previously dormant judgment lien. On January 7, 2024, Mendoza received a "Notice of Revocation of Occupancy" addressed to Iglesias and the two other judgment debtors at the Property. The Notice was accompanied by a sheriff's deed, which reflected that an entity identified as 4411 Southwest 162nd Place Trust purchased the Property for $100,100.00 at a sheriff's sale on December 20, 2023.

Mendoza moved to intervene in the post-judgment collection action, seeking to challenge the propriety of the sale. In her motion, she asserted her ownership interest in the Property along with procedural deficiencies. The trial court denied the motion. This appeal ensued.

3

**II**

We review the denial of a motion to intervene for an abuse of discretion. See Florida House of Representatives v. Florigrown, LLC, 278 So. 3d 935, 938 (Fla. 1st DCA 2019).

**III**

Florida Rule of Civil Procedure 1.230 governs intervention. It provides, in pertinent part, that "[a]nyone claiming an interest in pending litigation may at any time be permitted to assert a right by intervention . . . ." Fla. R. Civ. P. 1.230. But the rule comes with the caveat that "the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion." Id.

In conformity with the rule, assessing whether a motion to intervene should be granted involves a two-step process:

> First, the trial court must determine that the interest asserted is appropriate to support intervention. See Morgareidge [v. Howey, 78 So. 14, 15 (Fla. 1918)]. Once the trial court determines that the requisite interest exists, it must exercise its sound discretion to determine whether to permit intervention. In deciding this question[,] the court should consider a number of factors, including the derivation of the interest, any pertinent contractual language, the size of the interest, the potential for conflicts or new issues, and any other relevant circumstance.

Union Cent. Life Ins. Co. v. Carlisle, 593 So. 2d 505, 507–08 (Fla. 1992). "Second, the court must determine the parameters of the intervention[,]" and

4

"intervention should be limited to the extent necessary to protect the interests of all parties." Id. at 508.

Here, the trial court denied intervention. Our inquiry therefore focuses on any abuse of discretion associated with the first step. Ordinarily, an interest supporting intervention "must be in the matter in litigation, and of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment." Id. at 507 (quoting Morgareidge, 78 So. 14 at 15). Consequently, the right to post-judgment intervention is limited. Such intervention is only "permitted when the ends of justice so require." Lefkowitz v. Quality Lab. Mgmt., LLC, 159 So. 3d 147, 149 (Fla. 5th DCA 2014).

Mendoza does not seek to assail the validity of the final judgment. Instead, she seeks to assert her claim that she executed the quitclaim deed to Iglesias as collateral for the funds advanced to satisfy the second mortgage. Indeed, Iglesias confirmed that arrangement in her testimony. If these facts are true, Mendoza retains legal title, and Iglesias merely holds a security interest in the Property. See § 697.01(1), Fla. Stat. (2025) ("All conveyances, obligations conditioned or defeasible, bills of sale or other instruments of writing conveying or selling property, either real or personal, for the purpose or with the intention of securing the payment of money,

5

whether such instrument be from the debtor to the creditor or from the debtor to some third person in trust for the creditor, shall be deemed and held mortgages, and shall be subject to the same rules of foreclosure and to the same regulations, restraints and forms as are prescribed in relation to mortgages."); Valk v. J.E.M. Distribs. of Tampa Bay, Inc., 700 So. 2d 416, 419 (Fla. 2d DCA 1997) (finding that ("[w]hether a conveyance should be declared a mortgage under the statute depends on the particular facts, and, as the statute provides, is a question of the parties' intent").

The retention of ownership, considered in tandem with the protections afforded to Florida homestead, sufficiently warranted intervention. See Ezem v. Fed. Nat. Mortg., 153 So. 3d 341, 344 (Fla. 1st DCA 2014) (finding an abuse of discretion denying a motion to intervene and holding that "intervention and an evidentiary hearing [were] required to resolve any factual disputes regarding the validity of the final judgment of foreclosure" subject to intervenor's homestead interest); see also JBK Assocs., Inc. v. Sill Bros., Inc., 191 So. 3d 879, 881 (Fla. 2016) (Article X, section 4, of the Florida Constitution "is to be liberally construed in favor of protecting the homestead."); Sepulveda v. Westport Recovery Corp., 145 So. 3d 162, 166 (Fla. 3d DCA 2014) ("Sections 222.01 and 222.02 provide a means whereby a person may claim property as homestead and notify judgment creditors of

6

the property's exempt status under article X, section 4, either pre- or post-levy."  (quoting <u>Osborne v. Dumoulin</u>, 55 So. 3d 577, 583 (Fla. 2011))).

Accordingly, we reverse and remand for further proceedings.

Reversed and remanded.